IN THE UNITED STATES BANKRUPTY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOLMES TESTING, INC., | ) | Case No. 15-27112 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | | Hearing: January 6, 2016 |
| | | 10:00 a.m. |

## NOTICE OF MOTION

TO:     See attached service list.

PLEASE TAKE NOTICE THAT, on **January 6, 2016**, at **10:00 a.m.**, we shall appear before the Honorable Jack B. Schmetterer, or whomever is sitting in his stead, in Courtroom 682 of the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and then and there present the attached **Final Application of Bradley Block for Compensation and Reimbursement of Expenses,** a copy of which is hereby served upon you.

BRADLEY BLOCK d/b/a LAW
OFFICES OF BRADLEY BLOCK

Date: December 3, 2015                    By: __/s/ Bradley Block_____
                                             One of its Attorneys

Bradley Block
Law Offices of Bradley Block
707 Skokie Blvd.
Suite 600
Northbrook, IL 60062
224-533-1075
224-533-1076 (fax)
brad.block@bradblocklaw.com

## CERTIFICATE OF SERVICE

I, Bradley Block, an attorney, certify that I caused a copy of the foregoing **Final Application of Bradley Block for Compensation and Reimbursement of Expenses** and associated Notice of Motion to be served on the persons listed on the attached service list by ECF, email and/or U.S. Mail (as indicated) on or before 5:00 p.m. on December 3, 2015.


　　/s/ Bradley Block_____
　　　　Bradley Block


**Service List**:

Patrick Layng
U.S. Trustee
219 South Dearborn Street
Room 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

Richard Jones
Richard Jones & Associates
1100 West Northwest Hwy, Ste 108
Mt. Prospect, IL 60056
rjones@rjoneslaw.com

Joshua Salzman
Kopka Pinkus Dolin
200 North LaSalle Street
Suite 2850
Chicago, IL 60601
jasalzman@kopkalaw.com

Scott Clar (sclar@craneheyman.com)
Brian Welch (bwelch@craneheyman.com)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street
Suite 3705
Chicago, IL 60603

Rodger Reaume (via email and U.S. Mail)
130 Castle Ct.
Barrington, IL 60010
rodgerpaulreaume@gmail.com

Terrence Fenelon
Law Offices of Terrence Fenelon
208 North West St.
Wheaton, IL 60187
tmf523@comcast.net

Craig Sternberg
Sternberg, Thomson, Okrent & Scher
520 Pike Street, Ste. 2250
Seattle, WA 98101
craig@stoslaw.com

Jerome Dykstra (via email and U.S. Mail)
Holmes Testing, Inc.
170 Shepard Ave.
Wheeling, IL 60090
jdykstra@holmestesting.com

Christopher Dykstra (via email and U.S. Mail)
305 Cambridge Drive
Glen Carbon, IL 62034
cjdsmm@charter.net

IN THE UNITED STATES BANKRUPTY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOLMES TESTING, INC., | ) | Case No. 15-27112 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | | Hearing:  January 6, 2016 |
| | | 10:00 a.m. |

**COVER SHEET FOR FINAL APPLICATION
FOR PROFESSIONAL COMPENSATION**

Name of Applicant:                                          Bradley Block

Authorized to Provide Professional Services to:      Holmes Testing, Inc.

Date of Order Authorizing Employment:              September 3, 2015

Period for which Compensation is Sought:            September 10, 2015 to January 6, 2016

Amount of Fees Sought:                                   Allow: $20,995.00; Pay: $7,329.50

Amount of Expenses Sought:                            Allow: $172.97; Pay $0.00

This is a(n):          ___ interim          _X__ final application

If this is not the first application filed, disclose the following for each prior application:

| Date Filed | Period Covered | Total Requested | Total Allowed | Previously Paid |
|---|---|---|---|---|
| 9/10/15 | 8/7/15 – 9/9/15 | $27,670.50 | $27,670.50 | $27,670.50 |

BRADLEY BLOCK d/b/a LAW
OFFICES OF BRADLEY BLOCK

Date:    December 3, 2015              By: __/s/ Bradley Block_____
                                                     One of his Attorneys

Bradley Block
Law Offices of Bradley Block
707 Skokie Blvd.
Suite 600
Northbrook, Illinois 60062
(224) 533-1075
brad.block@bradblocklaw.com

IN THE UNITED STATES BANKRUPTY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOLMES TESTING, INC., | ) | Case No. 15-27112 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | | Hearing: January 6, 2016 |
| | | 10:00 a.m. |

### SUMMARY SHEET

Fees Previously Requested:   $27,072.50          Name of Applicant:    Bradley Block
Fees Previously Paid:        $27,072.50          Role in Case: Counsel to the Debtor
Retainer Paid:               $35,000.00 (balance left after payment of First Interim Application is $7,329.50)

Expenses Previously Requested   $598.00          Current Application (Allowance):
Expenses Previously Paid:       $598.00          Fees Requested:     $20,995.00
                                                 Expenses Requested:  $172.97
                                                 Payment Sought: $7,329.50 (from balance of retainer)

### FEE APPLICATION

| Names of Professionals | Year Admitted to Practice | Hours Billed | Rate | Total |
|---|---|---|---|---|
| Bradley Block | 1987 | 49.4 | $425 | $20,995.00 |
| Total Blended Hourly Rate: | $425 | | | |

IN THE UNITED STATES BANKRUPTY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOLMES TESTING, INC., | ) | Case No. 15-27112 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | | Hearing: January 6, 2016 |
| | | 10:00 a.m. |

**FINAL APPLICATION OF BRADLEY BLOCK
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Bradley Block d/b/a Law Offices of Bradley Block ("Block"), for his Final Application

for Compensation and Reimbursement of Expenses (the "Application"), for services rendered to

Holmes Testing, Inc. (the "Debtor"), made pursuant to Sections 330, 331 and 503(b) of the

Bankruptcy Code and Bankruptcy Rule 2016, states as follows:

1.      The Debtor filed a voluntary petition for relief under Chapter 11 of the

Bankruptcy Code on August 7, 2015.  Since that date, the Debtor has operated its business and

managed its financial affairs pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.      On September 3, 2014, the Court entered its order authorizing the Debtor to retain

Bradley Block as one of its counsel in this Bankruptcy Case.  A copy of that Order is attached

hereto as Exhibit A.  The Debtor retained Block to perform legal services at a rate of $425 per

hour, Block's normal and customary rate, plus reimbursement of reasonable and necessary

expenses incurred in connection with the representation.

3.      On September 3, 2015, the Court authorized Block to file his first interim fee

application after September 7, 2015.  A copy of that Order is attached hereto as Exhibit B.

Pursuant to this Order, Block filed his First Interim Application for Compensation and

Reimbursement of Expenses on September 10, 2015.  On October 6, 2015, the Court allowed

Block interim compensation of $27,072.50, and reimbursement of expenses of $598.00, and

authorized Block to pay same from a retainer of $35,000.00.

4.        This is a final application.  The Application seeks allowance and payment of

compensation for services rendered from September 10, 2015 through January 6, 2016.  Block

also seeks final allowance of the interim compensation and reimbursement of expenses

previously awarded on an interim basis.

5.        Block holds a retainer of $7,329.50 in his client trust account.  This amount

represents the balance of the $35,000.00 retainer paid pursuant to the Debtor's Motion for

Debtor-in-Possession Financing, which the Court granted on September 3, 2015.  Block seeks

payment of compensation and reimbursement of expenses only from this retainer.

6.        By the time of the hearing on this Application, Block anticipates that the Debtor

will have reviewed this Application and approved it.

## Status of the Case

7.        The Debtor was in the business of conducting laboratory testing of construction

samples to confirm that they meet specifications.

8.        Prior to filing its petition in this case, Holmes Testing conducted two separate

businesses: (a) the on-site construction materials testing business (the "Field Business"), which

used predominately union labor to prepare and create materials samples at construction sites and

to perform tests on site; and (b) the laboratory business (the "Lab Business), which tested

samples brought to Holmes Testing's laboratory on its premises.

9.        Prior to filing its petition, Holmes Testing had two primary financing

relationships.  First, Holmes Testing had a factoring relationship with Allegiant Business Finance

("Allegiant").  Second, Holmes Testing had a loan of approximately $1.1 million from Centrust

Bank ("Centrust").  Pursuant to these agreements, both Centrust and Allegiant have security

interests in substantially all of Holmes Testing's pre-petition assets.  The value of the Debtor's

assets is substantially less than the amount of the secured claims of Centrust and Allegiant.[1]

10.     Although the Debtor was struggling financially prior to the Petition Date, two

events precipitated the Debtor's bankruptcy filing. First, in early July 2015, a dispute arose

between Holmes Testing and Allegiant regarding certain invoices that Holmes Testing had sent

to Allegiant for funding.  As a result of this dispute, Allegiant stopped advancing new funds to

Holmes Testing after early July 2015.  Second, on or about July 9, 2015, the International Union

of Operating Engineers, Local 150, AFL-CIO (the "Union"), the union representing some of

Holmes Testing's workers, called a strike because of amounts that Holmes Testing owed the

Union and affiliates.  As a result, Holmes Testing lost its ability to service its clients in its Field

Business.  Holmes Testing therefore lost approximately 80% of its revenue stream.

11.     The Debtor has moved to dismiss its bankruptcy case, and counsel anticipates that

the Court will have granted that motion and dismissed the case prior to the hearing on this

Application.  The Court nevertheless has jurisdiction to allow counsel's fees.  *See* In re Sweports,

Ltd., 777 F.3d 364, 367-68 (7th Cir. 2015)

12.     The Debtor is current on filing its Monthly Operating Reports and on payment of

U.S. Trustee fees as of the filing of this Application.  As of December 3, 2015 the Debtor held

approximately $0 in its accounts.

---

[1] In addition, Allegiant takes the position that, when it advanced funds in connection with an account receivable or invoice of Holmes Testing, that transaction constituted a true sale of that account receivable rather than a disguised financing arrangement.

**Specific Tasks and Fees Incurred**

13.     Exhibit C contains Block's specific time entries by date, task performed and time

incurred, organized according to project category.  A summary of the fees sought by category is

as follows:

| Category | Hours | Amount Sought | Amount Written Off |
|---|---|---|---|
| 1.  Business Operations | 9.7 | $  4,122.50 | $1,402.50 |
| 2.  Case Administration | 6.5 | $  2,762.50 | $   892.50 |
| 3.  Claims Administration | 2.5 | $  1,062.50 | $   170.00 |
| 4.  Fee/Employment Applications | 3.8 | $  1,615.00 | $1,785.00 |
| 5.  Financing | 14.9 | $  6,332.50 | $3,272.50 |
| 6.  Union Disputes | 12.0 | $  5,100.00 | $   595.00 |
| Total: | 49.4 | $20,995.00 | $8,117.50 |

**1.     Business Operations**

14.     In connection with this category, Block (a) discussed the Debtor's business

operations and profitability with the Debtor's principal to determine whether a feasible plan of

reorganization could be proposed; (b) discussed the potential sale of excess equipment with

interested parties, (c) insured that the Debtor timely filed its income tax returns and paid payroll

taxes, and (d) advised the Debtor to file a motion to dismiss the bankruptcy case when it became

apparent that the Debtor could not propose a feasible plan, and prepared and served same.

15.     In connection with this category, Block seeks compensation for 9.7 hours of

work, or $4,112.50.  In addition, Block has written off 3.3 hours of work (valued at $1,402.50),

and does not seek compensation for that amount.

**2.     Case Administration**

16.     In connection with this category, Block (a) reviewed, corrected and filed the

Debtor's monthly operating reports, (b) prepared for and attended the Debtor's meeting of

creditors, and (c) helped the Debtor prepare amended schedules and an amended Statement of Financial Affairs.

17.    In connection with this category, Block seeks compensation for 6.5 hours of work, or $2,762.50. In addition, Block has written off 2.1 hours of work (valued at $892.50), and does not seek compensation for that amount.

**3.    Claims Administration**

18.    In connection with this category, Block (a) reviewed subpoenas from taxing authorities that were served on Centrust Bank, (b) reviewed proofs of claim filed by various creditors, and (c) responded to questions from various creditors.

19.    In connection with this category, Block seeks compensation for 2.5 hours of work, or $1,062.50.  In addition, Block has written off 0.4 hours of work (valued at $170.00), and does not seek compensation for that amount.

**4.    Fee/Employment Applications**

20.    In connection with this Category, Block (a) appeared at hearings on fee applications, (b) prepared the necessary documentation to obtain approval of a retainer for the Debtor's accountant, (c) researched the impact of dismissal of the case on the Court's jurisdiction to hear this Application, and (d) prepared this Application.

21.    In his First Interim Application, Block sought and was allowed $1,487.50 as compensation for fees incurred in connection with preparation and presentation of his First Interim Application. In this Application, Block seeks an additional $1,530.00 as compensation for fees incurred in connection with preparation and presentation of his First Interim Application and this Application.

22.     In connection with is category, Block seeks compensation for 3.8 hours of work, or $1,615.00. In addition, Block has written off 4.2 hours of work (valued at $1,785.00), and does not seek compensation for that amount.

**5.     Financing**

23.     In connection with this category, Block (a) coordinated with Allegiant on collection of receivables, so that Allegiant would advance funds to the Debtor, (b) negotiated the resolution of a dispute with Allegiant regarding the collection of invoices that were not addressed in the Debtor's initial agreement with Allegiant approved by the Court on September 3, 2015, (c) helped the Debtor prepare cash collateral reconciliations and budgets, and obtained multiple orders approving the use of cash collateral, and (d) served copies of cash collateral and other financial orders on creditors.

24.     In connection with this category, Block seeks compensation for 14.9 hours of work, or $6,332.50.  In addition, Block has written off 7.7 hours of work (valued at $3,272.50), and does not seek compensation for that amount.

**6.     Union Disputes**

25.     In connection with this category, Block (a) drafted correspondence to the Union's counsel regarding its continued picketing of the Debtor, (b) drafted a proposal to modify the Debtor's collective bargaining agreement with the Union, and negotiated same with the Union (although no agreement was reached), (c) researched the Debtor's ability to modify its collective bargaining agreement unilaterally on an interim basis, and researched the prerequisites to rejecting the collective bargaining agreement, and (d) negotiated a consensual resolution of the Union's motion to lift the stay to pursue grievance procedures.

26.     In connection with this category, Block seeks compensation for 12.0 hours of

work, or $5,100.00.  In addition, Block has written off 1.4 hours of work (valued at $595.00),

and does not seek compensation for that amount.

### Expenses

27.     Block seeks reimbursement of $172.97 of expenses.  The detail for these expenses

is as follows:

| | | |
|---|---|---|
| 9/24/15 | Mailing Allegiant Order and Cash Collateral Order | $ 36.26 |
| 10/22/15 | Mailing of Allegiant Settlement Order | 18.62 |
| 10/30/15 | Mailing of Cash Collateral Order | 18.62 |
| 12/3/15 | Mailing Notice of Dismissal Motion, Fee App. | 99.47 |
| Total: | | $172.97 |

### Request for Allowance and Payment of Compensation

28.     Block seeks interim allowance of compensation of $20,995.00 and reimbursement

of $172.97 of expenses.  Block also seeks payment of $7,329.50 from the balance of the retainer

he currently holds in his client trust fund account.

29.     Block's services and expenses were reasonable and necessary for the Debtor to

prosecute this Chapter 11 bankruptcy case, and benefited the Debtor and the bankruptcy estate.

Significantly, when Block performed tasks that would ordinarily be performed by professionals

with lower billing rates than Block's rate, Block has written off time to effectively create a lower

billing rate.  Block has also endeavored to be efficient, using his experience to expend fewer

hours than less experienced attorneys might bill for similar tasks.  Finally, Block's hourly rate—

his normal hourly rate charged for bankruptcy and nonbankruptcy matters—is reasonable, and in

fact low compared to the rates charged by attorneys with comparable (28 years) experience.

30.     Further, this Application complies with the requirements of the Bankruptcy Code,

Bankruptcy Rules and local rules.  Block billed in one-tenth hour increments, provided detailed

written explanations of the work performed, did not lump time entries together improperly, and

categorized his time by project.

31.     Finally, Block seeks final allowance of the fees and expenses that were previously

awarded on an interim basis.

32.     A draft order is attached hereto.

WHEREFORE, Bradley Block, as counsel for the Debtor, respectfully requests that this

Court (a) allow final compensation to him in the amount of $20,995.00 and reimbursement of

$172.97 of expenses, (b) authorize him to pay $7,329.50 of these amounts out of the balance of

the retainer he holds in his client trust fund account, (c) provide that the interim compensation

and reimbursement of expenses previously awarded to him be deemed final; and (d) grant such

further relief as this Court deems proper.

                                        BRADLEY BLOCK d/b/a LAW
                                        OFFICES OF BRADLEY BLOCK


Date: December 3, 2015                  By: __/s/ Bradley Block_____
                                            One of its Attorneys


Bradley Block
Law Offices of Bradley Block
707 Skokie Blvd.
Suite 600
Northbrook, IL 60062
224-533-1075
224-533-1076 (fax)
brad.block@bradblocklaw.com